MOSES MAY AND MAY'S INCORPORATED, APPELLANT'S,
v. JOSEPH I. LEVY, RESPONDENT.

Argued July 1, 1915—Decided November 15, 1915.

A written lease which recites that the lessor "doth hereby let," and which contains a covenant against subletting by the lessee, that the lessee will not "let or demise, or in any manner dispose of the hereby demised premises, or any part thereof, for all or any part of the term hereby granted, to any person or persons whatever," does not create an implied covenant for quiet enjoyment.

On appeal from the Supreme Court.

For the appellants, *Clarence L. Cole.*

For the respondent, *Bourgeois & Coulomb* and *Clarence L. Goldenberg.*

The opinion of the court was delivered by

BLACK, J. This suit and the complaint are founded upon a breach of an alleged implied covenant for quiet enjoyment, in a written lease, made by Joseph I. Levy, lessor, to one Moses May, lessee, dated the 31st day of March, 1914, for the term, from the 25th day of April, 1914, to the 15th day of March, 1917. At the end of the appellant's testimony, the trial court granted a nonsuit, on the ground that the lease does not create an implied covenant of warranty for quiet enjoyment, to which ruling of the court an exception was

duly noted. The legality of that ruling is the only question that is brought under review by this appeal.

The lease contains no express covenant for quiet enjoyment, but the appellant's insistence is, that the lease does contain language from which an implied covenant for quiet enjoyment is created.

The lease is in the usual form, reciting that the lessor "doth hereby let," &c. The language of the lease relied on for that purpose, however, is contained in the clause against subletting, and is as follows: "And he, the said Moses May, his executors and administrators, shall and will not, at any time during the said term, let or demise, or in any manner dispose of the hereby demised premises, or any part thereof, for all or any part of the term hereby granted, to any person or persons whatever."

The case of *Mershon* v. *Williams,* 63 *N. J. L.* 398, in the Supreme Court, is cited as an authority, by the appellant, to support the proposition that an implied covenant arises from the use of the words "grant and demise" contained in a lease; the place in the written instrument where the words appear is immaterial. But the decision in that case, when read in connection with the facts, is not an authority to support the appellant's contention. In that case, the lease did recite that the lessor "let to" and "leases to" the lessee; the court held that the lease simply created the relation of landlord and tenant, out of which no implied covenant for title, or for quiet enjoyment, arose.

There is a contrariety of judicial opinion on this subject. Mr. Justice Lippincott, in the case cited, reviews at some length the cases on the subject, and other cases may be found collected in 24 *Cyc.* 1057. Whatever may be the rule in some other jurisdictions, in New Jersey there is no implied covenant of quiet enjoyment from a lease which simply creates the relation of landlord and tenant. Nor is such a covenant to be implied from the words used in the lease here under discussion forbidding subletting.

Mr. Justice Depue, speaking for the Supreme Court, in the case of *Naumberg* v. *Young,* 44 *N. J. L.* 331 (at *p.* 345), said:

"The doctrine with respect to covenants implied from the letting has been held in great strictness in this state. A covenant on the part of the lessor, even for title, will not arise from the relation of landlord and tenant; there must be either an express agreement to that effect, or words must be used from which such an agreement can be implied." So, in *Gano* v. *Vanderveer,* 34 *Id.* 293, it is said by Chief Justice Beasley, that a man does not when he conveys or leases land, covenant or agree, *ipso facto,* that the title is good. In the civil law, from an adequate price, a warranty was implied; but it was to the contrary of this in the common law. Our conclusion is, that the trial court was correct in holding that there was no implied warranty for quiet enjoyment arising from the mere leasing. The words "hereby let or demise," in the clause against subletting, for all or any part of the term hereby granted, did not create such an implied covenant of title. The plaintiff was therefore rightly nonsuited.

The judgment of the trial court granting a nonsuit is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, TAYLOR, JJ. 14.

*For reversal*—None.